## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TROVE BRANDS, LLC d/b/a THE BLENDERBOTTLE COMPANY, a Utah limited liability company, and RUNWAY BLUE, LLC, a Utah limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>RUMI, LLC, a Puerto Rico limited liability company, and DIUS, LLC, a Louisiana limited liability company,<br><br>Defendants, | Case No. _____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Trove Brands, LLC, d/b/a The BlenderBottle Company ("Trove Brands") and Runway Blue, LLC ("Runway Blue") (collectively, "BlenderBottle" or "Plaintiffs") hereby complain of Defendants Rumi, LLC ("Rumi") and Dius, LLC ("Dius") (collectively, "Defendants") and allege as follows:

### NATURE OF THE ACTION

1.      BlenderBottle seeks injunctive relief and damages for acts of patent infringement engaged in by Defendants in violation of the laws of the United States.

### THE PARTIES

2.      Plaintiff Trove Brands, LLC, doing business as the BlenderBottle Company is a limited liability company organized and existing under the laws of the State of Utah, with its principal place of business located at 250 South 850 East, Lehi, Utah 84043.

1

3.      Plaintiff Runway Blue, LLC is a limited liability company organized and existing under the laws of the State of Utah, with its principal place of business located at 250 South 850 East, Lehi, Utah 84043.

4.      BlenderBottle is informed and believes and, based thereon, alleges that Defendant Rumi, LLC is a limited liability company organized and existing under the laws of Puerto Rico, with a principal place of business at 151 Calle de San Francisco, Ste. 200, PMB 0412, San Juan, Puerto Rico 00901.

5.      BlenderBottle is informed and believes and, based thereon, alleges that Defendant Dius, LLC is a limited liability company organized and existing under the laws of Louisiana, with a principal place of business at 105 Lomond Ave., Lafayette, Louisiana 70508.

## JURISDICTION AND VENUE

6.      This Court has original subject matter jurisdiction over the claims in this action that relate to patent infringement pursuant to 35 U.S.C. §§ 271 and 281 and 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States.

7.      This Court has personal jurisdiction over Defendants because Defendants have a continuous, systematic, and substantial presence within this judicial district. For example, Defendants have been selling and offering for sale infringing products in this judicial district, and committing acts of infringement in this judicial district, including but not limited to, selling infringing products to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in this district. These acts form a substantial part of the events or omissions giving rise to BlenderBottle's claims. This Court further has personal jurisdiction over Defendant Dius, LLC because Defendant Dius, LLC has a principal place of business in this judicial district.

8.      Venue is proper in this judicial district for Defendant Rumi, LLC under 28 U.S.C. §§ 1391(b) and 1400(b) at least because Defendant Rumi, LLC has committed acts of infringement by offering to sell and/or selling infringing products in this judicial district and because a substantial part of the events giving rise to BlenderBottle's claims occurred in this judicial district. Further, upon information and belief, Defendant Rumi, LLC functions as an alter ego of Defendant Dius, LLC.

9.      Venue is proper in this judicial district for Defendant Dius, LLC under 28 U.S.C. §§ 1391(b) and 1400(b) at least because Defendant Dius, LLC has a principal place of business located within this district, because Defendant Dius, LLC has committed acts of infringement by offering to sell and/or selling infringing products in this judicial district, and because Defendant Dius, LLC resides in this district.

## GENERAL ALLEGATIONS

10.      BlenderBottle revolutionized the way dietary supplements are mixed and consumed. Through the tireless efforts of its designers and engineers over nearly two decades, BlenderBottle has pioneered innovative technology and path-breaking designs to create premium products that help simplify everyday life. Available in more than 90 countries worldwide and in over 60,000 retail locations, BlenderBottle's shakers have become the go-to products for outdoor enthusiasts, gym goers, serious protein drinkers and more. Products embodying BlenderBottle's proprietary designs and technology have been lauded by consumers and the media, including *Good Morning America*, *Reader's Digest*, *Self*, *the Today Show*, *Men's Fitness*, and others.

11.      BlenderBottle protects its substantial investment in innovation and design from imitators with its intellectual property rights.

12.     On December 31, 2013, the USPTO duly and lawfully issued United States Design Patent No. D696,551 (the "D551 Patent"), titled "BOTTLE LID HAVING INTEGRATED HANDLE." Runway Blue is the assignee of the D551 Patent. BlenderBottle is the exclusive licensee of the D551 Patent and has been granted all rights thereunder, including the right to sue for past infringement and standing to enforce the D551 Patent. A true and correct copy of the D551 Patent is attached hereto as **Exhibit 1**.

13.     On February 2, 2016, the USPTO duly and lawfully issued United States Design Patent No. D748,478 (the "D478 Patent"), titled "CLOSURE FOR A CONTAINER." Runway Blue is the assignee of the D478 Patent. BlenderBottle is the exclusive licensee of the D478 Patent and has been granted all rights thereunder, including the right to sue for past infringement and standing to enforce the D478 Patent. A true and correct copy of the D478 Patent is attached hereto as **Exhibit 2**.

14.     Upon information and belief, Defendant Rumi manufactures, uses, sells, offers for sale, and/or imports into the United States shaker bottle lids, including some in various sizes and colors, which infringe BlenderBottle's patent rights, including the D551 Patent and D478 Patent. A representative infringing shaker bottle lid is shown below (the "Mr. Pen Shaker Bottle Lid"):

| Mr. Pen Shaker Bottle Lid |
| --- |
|  |

15.     Upon information and belief, Defendant Dius manufactures, uses, sells, offers for sale, and/or imports into the United States shaker bottle lids, including some in various sizes and colors, which infringe BlenderBottle's patent rights, including the D551 Patent and D478 Patent. A representative infringing Mr. Pen Shaker Bottle Lid is shown above.

16.     BlenderBottle is informed and believes that Defendant Rumi's Mr. Pen Shaker Bottle Lids have been sold and marketed to consumers in the United States and this judicial district on the internet, including on the Defendants' website (https://mrpen.com/), Amazon.com, and Walmart.com.

17.     BlenderBottle is informed and believes that Defendant Dius' Mr. Pen Shaker Bottle Lids have been sold and marketed to consumers in the United States and this judicial district on the internet, including on the Defendants' website (https://mrpen.com/), Amazon.com, and Walmart.com.

18.     In response to successful complaints filed with Amazon against certain Mr. Pen listings for intellectual property infringement, Plaintiffs received a letter from counsel for Defendant Dius. *See* **Exhibit 3**.

19.     Subsequently, Plaintiffs noticed additional Mr. Pen listings that infringed at least Plaintiffs' trade dress rights, and Plaintiffs submitted additional complaints through Amazon. In response, on January 22, 2024, counsel sent Plaintiffs a letter regarding the complaints against the Mr. Pen Shaker Bottles filed by Plaintiff with Amazon.com, but this time represented that the response was coming from Defendant Rumi. *See* **Exhibit 4**. Upon information and belief, the address used by Defendant Rumi (151 Calle de San Francisco, Ste. 200, PMB 0412, San Juan, Puerto Rico 00901) is an address shared by numerous businesses and is used by Defendant Rumi as a "private mail box" (i.e., "PMB 0412") to receive mail.

20.     Defendant Dius assigned all of its rights in its Mr. PEN trademarks to Defendant Rumi on April 17, 2025, along with numerous other trademarks, for a total of $1.00. *See* **Exhibit 5**. Upon information and belief, both of Defendants have sold and/or offered to sell the accused Mr. Pen Shaker Bottle Lids under the MR. PEN mark, including Defendant Rumi while Defendant Dius was the owner of the MR. PEN trademarks. *See* **Exhibits 3-4**. The Trademark Assignment Agreement was signed by Ershad Ganjy as "CEO" on behalf of assignor Defendant Dius and by Amirhossein Saeedi as "CEO" on behalf of assignee Defendant Rumi. *See* **Exhibit 5**.

21.     Upon information and belief, Defendants Dius and Rumi share common ownership and control. The Department of State for the Government of Puerto Rico lists Mr. Ganjy and Mr. Saeedi, along with Carson Nabi, as the Authorized Persons for Defendant Rumi.  **Exhibit 6**. The Louisiana Department of State lists Mr. Ganjy and Mr. Saeedi as the sole officers of Defendant Dius. *See* **Exhibit 7**. The website of Defendant Dius at https://www.diusbrands.com/team

identifies Mr. Ganjy as "Co-Founder & Co-CEO" and Mr. Saeedi also as "Co-Founder & Co-CEO." *See* **Exhibit 10**.

22.     Thus, upon information and belief, Defendant Rumi is the alter ego of Defendant Dius.

23.     On June 26, 2024, BlenderBottle sent Defendants a cease-and-desist letter, demanding that Defendants cease selling products infringing BlenderBottle's intellectual property rights, including the Mr. Pen Shaker Bottle Lid, which infringes at least the D551 Patent. A true and correct copy of this letter is attached as **Exhibit 8**.

24.     BlenderBottle sent an additional letter to Defendants reiterating its demands on August 2, 2024. *See* **Exhibit 9**.

25.     Despite BlenderBottle's letters, Defendants have refused to cease distributing the infringing products, or to otherwise fully comply with BlenderBottle's demands.

26.     BlenderBottle is informed and believes and, based thereon, alleges that Defendants have intended to blatantly infringe BlenderBottle's patents.

27.     Defendants' acts complained of herein have caused BlenderBottle to suffer irreparable injury to its business. BlenderBottle will continue to suffer substantial loss and irreparable injury unless and until Defendants are enjoined from their wrongful actions complained of herein.

28.     BlenderBottle is informed and believes, and on that basis alleges that Defendants' acts complained of herein are willful and deliberate.

## FIRST CLAIM FOR RELIEF
**PATENT INFRINGEMENT**
*35 U.S.C. § 271*

29.    BlenderBottle repeats and re-alleges the allegations of paragraphs 1-28 of this Complaint as if set forth fully herein.

30.    This is a claim for patent infringement under 35 U.S.C. § 271.

31.    Defendants, through their agents, employees and/or servants has knowingly, intentionally, and willfully infringed, and continue to infringe, the D551 Patent by making, using, selling, offering for sale, and/or importing into the United States products, including the Mr. Pen Shaker Bottle Lid, that have designs that infringe the D551 Patent. For example, the side-by-side visual comparisons of BlenderBottle's patented design and Defendants' Mr. Pen Shaker Bottle Lid, shown below, establishes that in the eye of the ordinary observer, giving such attention as a purchaser usually gives, the design of Defendants' Mr. Pen Shaker Bottle Lid is substantially the same as the claimed design of the D551 Patent, because the resemblance is such as to deceive such an observer inducing him to purchase one supposing it to the be the other. As a result, Defendants infringe the D551 Patent.

*Comparisons of U.S. Patent No. D696,551 and the Mr. Pen Shaker Bottle Lid*



| U.S. Design Patent No. D696,551 | Mr. Pen Shaker Bottle Lid |
|---|---|
|  |  |



| U.S. Design Patent No. D696,551 | Mr. Pen Shaker Bottle Lid |
|---|---|
| Fig. 2 | |
| Fig. 3 | |
| Fig. 5 | |

| U.S. Design Patent No. D696,551 | Mr. Pen Shaker Bottle Lid |
|---|---|
|  *Fig. 6* | |

32. The Federal Circuit has held that a design patent is infringed if the accused product looks substantially similar, in light of the existing prior art, to the patented design in the eyes of an ordinary observer. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 682-83 (Fed. Cir. 2008). As can be seen in the side-by-side comparisons of representative figures from the D551 Patent with the Mr. Pen Shaker Bottle Lid, it is evident that the Mr. Pen Shaker Bottle Lid is "substantially similar" to BlenderBottle's patented designs and, thus, infringes.

33. As a direct and proximate result of Defendants' acts of infringement, Defendants have derived and received gains, profits, and advantages in an amount that is not presently known to BlenderBottle.

34. Pursuant to 35 U.S.C. § 284, BlenderBottle is entitled to damages for Defendants' infringing acts and treble damages together with interests and costs as fixed by this Court.

35.     Pursuant to 35 U.S.C. § 285, BlenderBottle is entitled to reasonable attorneys' fees for the necessity of bringing this claim in this exceptional case.

36.     Pursuant to 35 U.S.C. § 289, BlenderBottle is entitled to Defendants' total profits from Defendants' infringement of the D551 Patent.

**SECOND CLAIM FOR RELIEF**
**PATENT INFRINGEMENT**
*35 U.S.C. § 271*

37.     BlenderBottle repeats and re-alleges the allegations of paragraphs 1-36 of this Complaint as if set forth fully herein.

38.     This is a claim for patent infringement under 35 U.S.C. § 271.

39.     Defendants, through their agents, employees and/or servants has knowingly, intentionally, and willfully infringed, and continue to infringe, the D478 Patent by making, using, selling, offering for sale, and/or importing into the United States products, including the Mr. Pen Shaker Bottle Lid, that have designs that infringe the D478 Patent. For example, the side-by-side visual comparisons of BlenderBottle's patented design and Defendants' Mr. Pen Shaker Bottle Lid, shown below, establishes that in the eye of the ordinary observer, giving such attention as a purchaser usually gives, the design of Defendants' Mr. Pen Shaker Bottle Lid is substantially the same as the claimed design of the D478 Patent, because the resemblance is such as to deceive such an observer inducing him to purchase one supposing it to the be the other. As a result, Defendants infringe the D478 Patent.

*Comparisons of U.S. Patent No. D748,478 and the Mr. Pen Shaker Bottle Lid*

| U.S. Design Patent No. D748,478 | Mr. Pen Shaker Bottle Lid |
|---|---|
|  Fig. 1 |  |
|  Fig. 2 |  |
|  Fig. 3 |  |
|  Fig. 4 |  |

| U.S. Design Patent No. D748,478 | Mr. Pen Shaker Bottle Lid |
|---|---|



40.    The Federal Circuit has held that a design patent is infringed if the accused product looks substantially similar, in light of the existing prior art, to the patented design in the eyes of an ordinary observer. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 682-83 (Fed. Cir. 2008). As can be seen in the side-by-side comparisons of representative figures from the D478 Patent

with the Mr. Pen Shaker Bottle Lid, it is evident that the Mr. Pen Shaker Bottle Lid is "substantially similar" to BlenderBottle's patented designs and, thus, infringes.

41.    As a direct and proximate result of Defendants' acts of infringement, Defendants have derived and received gains, profits, and advantages in an amount that is not presently known to BlenderBottle.

42.    Pursuant to 35 U.S.C. § 284, BlenderBottle is entitled to damages for Defendants' infringing acts and treble damages together with interests and costs as fixed by this Court.

43.    Pursuant to 35 U.S.C. § 285, BlenderBottle is entitled to reasonable attorneys' fees for the necessity of bringing this claim in this exceptional case.

44.    Pursuant to 35 U.S.C. § 289, BlenderBottle is entitled to Defendants' total profits from Defendants' infringement of the D478 Patent.

## PRAYER FOR RELIEF

WHEREFORE, BlenderBottle prays for judgment in its favor against Defendants for the following relief:

A.    an Order adjudging Defendants to have infringed the D551 Patent and D478 Patent under 35 U.S.C. § 271;

B.    that Defendants account for all gains, profits, and advantages derived through Defendants' infringement of the D551 Patent and D478 Patent in violation of 35 U.S.C. § 271, and that Defendants pay to BlenderBottle all damages suffered by BlenderBottle from such infringement and all profits from such infringement pursuant to 35 U.S.C. §§ 284 and 289;

C.    that the Court issue a preliminary and permanent injunction against Defendants, their agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert from further acts of infringement of the D551 Patent

and/or D478 Patent and from assisting or inducing, directly or indirectly, others to infringe the D551 Patent and/or D478 Patent;

D.      an award to BlenderBottle of the attorneys' fees, expenses, and costs incurred by BlenderBottle in connection with this action pursuant to 35 U.S.C. § 285;

E.      an award of pre-judgment and post-judgment interest and costs of this action against Defendants; and

F.      such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, BlenderBottle requests a trial by jury of all issues so triable.

Dated: October 21, 2025                          Respectfully submitted,

*s/ Ted M. Anthony*
Ted M. Anthony (Louisiana Bar No. 21446)
Sarah B. Dupont (Louisiana Bar No. 35048)
BABINEAUX, POCHÉ, ANTHONY & SLAVICH, LLC
1201 Camellia Boulevard, 3rd Floor
Lafayette, LA 70508
Tel: (337) 984-2505
tanthony@bpasfirm.com
sdupont@bpasfirm.com

Ali S. Razai (*Pro Hac Vice* to be filed)
Christian D. Boettcher (*Pro Hac Vice* to be filed)
MORGAN, LEWIS & BOCKIUS LLP
600 Anton Boulevard, Suite 1800
Costa Mesa, California 92626-7653
Tel: (714) 830-0600
Fax: (714) 830-0700
ali.razai@morganlewis.com
christian.boettcher@morganlewis.com

Brian P. O'Donnell (*Pro Hac Vice* to be filed )
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive, Suite 2800
Chicago, Illinois 60606-1511
Tel: (312) 324-1000
Fax: (312) 324-1001
brian.odonnell@morganlewis.com

*Attorneys for Plaintiffs,*
Trove Brands, LLC d/b/a The BlenderBottle
Company and Runway Blue, LLC